■ ELIZABETH BIHARI, Respondent, v UPJOHN COMPANY, Appellant, et al., Defendant.—In an action to recover damages for personal injuries, defendant Upjohn Company appeals, as limited by its notice of appeal and brief, from so much of an order of the Supreme Court, Nassau County, dated March 28, 1977, as (1) denied that branch of its motion which requested a

stay of discovery against it until answers to its interrogatories are received from plaintiff, (2) denied that branch of its motion which requested that any discovery against it be conducted at its corporate headquarters in Michigan and (3) granted plaintiff-respondent's cross motion to the extent of striking all but five of appellant's 76 interrogatories. Order affirmed insofar as appealed from, with $50 costs and disbursements. Plaintiff's time to answer the interrogatories is extended until 20 days after entry of the order to be made hereon. The examinations before trial shall proceed at the place designated in the order under review, at a time to be fixed by plaintiff in a written notice of not less than 10 days, or at such other time and place as the parties may agree. It was a proper exercise of discretion for Special Term to strike most of appellant's interrogatories. The interrogatories contain many irrelevant, unduly broad and unreasonably oppressive questions, and Special Term could indeed have vacated the entire demand (see *Heimowitz v Handler, Kleiman, Sukenik & Segal,* 51 AD2d 702). Special Term correctly held that, at this state of discovery, where plaintiff has only sought to take appellant's oral deposition and has not made any request for specific documents, it would be premature to direct that discovery proceedings take place in Michigan. Martuscello, J. P., Latham, Margett and O'Connor, JJ., concur.